IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGIOS Y. LAZAROU, Ph.D.                                                PLAINTIFF

v.                                          CIVIL ACTION NO. 1:07-CV-00060-GHD-DAS

MISSISSIPPI STATE UNIVERSITY AND
BOARD OF TRUSTEES, INSTITUTIONS OF HIGHER LEARNING           DEFENDANTS

MEMORANDUM OPINION

Presently before the Court is Defendants' motion to dismiss on the grounds of Eleventh Amendment immunity [85]. Upon due consideration, the Court finds the motion should be granted.

*A. Factual and Procedural Background*

Plaintiff Georgios Y. Lazarou, Ph.D. ("Plaintiff") is a proclaimed Cypress native whose primary language is Greek. Plaintiff is a former non-tenured, tenure-track professor at Mississippi State University ("MSU"). Plaintiff was denied tenure and subsequently resigned from his position at MSU. Plaintiff then filed an EEOC charge. Upon receipt of his right to sue letter, Plaintiff initiated this suit against Defendants MSU and the Board of Trustees, Institutions of Higher Learning ("Defendants"), claiming he was unlawfully denied tenure and discriminated against due to his race and national origin in violation of federal and state law. Plaintiff asserts a Title VII claim and a supplemental state law breach of contract claim for injunctive relief.

On April 8, 2008, Plaintiff moved to stay the case or hold the case in abeyance and/or for continuance [31] for six months based on Plaintiff's purported illness and clinical depression, which rendered him unable to proceed at that time with the litigation. Accordingly, the Court stayed the case until mid-October of 2008. Subsequently, Defendants filed a motion to dismiss

[85] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court stayed the case pending the resolution of this motion.

## B. Legal Standards

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). A claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted). The court must address a Rule 12(b)(1) jurisdictional challenge before addressing a challenge on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Addressing Rule 12(b)(1) challenges first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

"[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)). In such a consideration, the court must

> take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. . . . [U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citations and internal quotation marks omitted).

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. *Lone Star Fund*, 594 F.3d at 387 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). The Court notes that Defendants have attached the following to their brief in support of the motion: a letter from Defendants to Plaintiff stipulating that Defendants receive and are the administrators of federal funding; a letter from Plaintiff to the then-president of MSU, Robert H. Foglesong, summarizing Plaintiff's discrimination claim; transcripts of two depositions of Foglesong; a transcript of deposition testimony of Dr. Thomas Meredith, commissioner of higher education in Mississippi; a letter from Plaintiff to Dr. Meredith challenging the final decision regarding Plaintiff's tenure and promotion status; and a transcript of the telephonic deposition of Dr. Meredith. Because the Defendants in the case *sub judice* have submitted matters outside the pleadings which this Court shall not exclude, the

motion shall be considered a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548. The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

*C. Discussion*

Defendants argue in their motion that (1) Plaintiff's breach of contract claims are barred from being asserted against the state by Eleventh Amendment immunity; and (2) Plaintiff failed to provide the statutorily required pre-suit notice for his state law claims. The Court finds that

Plaintiff's state law claims are barred under the Eleventh Amendment, and thus does not reach the issue of whether the Plaintiff provided the statutorily required pre-suit notice.

Courts should address Eleventh Amendment immunity prior to reaching the merits of a case. *See United States v. Tex. Tech Univ.*, 171 F.3d 279, 285–86 (5th Cir. 1999). Sovereign immunity is a broad jurisdictional doctrine prohibiting suit against the government absent the government's consent. Sovereign immunity was assumed at common law, brought from England to the colonies, and existed prior to the ratification of the United States Constitution. Although the term "sovereign immunity" nowhere appears in the Constitution, the concept was perhaps woven into the very fabric of the document. Andrew Hamilton explained:

> It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent. This is the general sense, and the general practice of mankind; and the exemption, as one of the attributes of sovereignty, is now enjoyed by the government of every State in the Union.

THE FEDERALIST NO. 81, at 511 (Alexander Hamilton) (Wright ed., 1961). At the Virginia ratifying convention, James Madison stated: "Jurisdiction in controversies between a state and citizens of another state is much objected to, and perhaps without reason. It is not in the power of any individuals to call any state into court." 3 DEBATES ON THE FEDERAL CONSTITUTION 533 (J. Elliot 2d ed., 1854). At that same convention, John Marshall stated: "With respect to disputes between a state and the citizens of another state, its jurisdiction has been decried with unusual vehemence. I hope no gentleman will think that a state will be called at the bar of the federal court." 3 *id.*, at 555.

Despite the long-standing principle of sovereign immunity, in 1793, the United States Supreme Court held that a state could be sued by a citizen of another state or a foreign country. *See Chisolm v. Georgia*, 2 Dall. 419, 1 L. Ed. 440 (1793). But five years later, the states ratified

the Eleventh Amendment, which provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI; *see* C. JACOBS, THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY 64–75 (1972). The Fifth Circuit has stated: "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (internal citations omitted). "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citation omitted). Indeed, "[t]he amendment has been judicially construed to bar federal jurisdiction over suits brought against a state by its own citizens, despite the absence of language to that effect." *See Jagnandan v. Giles*, 538 F.2d 1166, 1177 (5th Cir.), *cert. denied*, 432 U.S. 910, 97 S. Ct. 2959, 53 L. Ed. 2d 1083 (1977) (internal citations omitted). State immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

It is well settled that Defendants Mississippi State University and The Board of Trustees, Institutions of Higher Learning, are arms of the state. *See* MISS. CODE ANN. § 37-113-3 (2008); *Jagnandan*, 538 F.2d at 1173–78 (a suit against MSU is a suit against the state, as any recovery would come from the state). The Fifth Circuit has explained:

> The genesis of Mississippi State University (M.S.U.) is found in Chapter XIX of the Laws of the State of Mississippi, approved February

6

> 28, 1878. The school was first known as the Agricultural and Mechanical College of the State of Mississippi. Laws of Mississippi, ch. XIX, § 2. Overseeing the school was a Board of Trustees appointed by the Governor with the advice and consent of the state senate. *Id.* § 3. The Board was declared to be a body politic and corporate, capable of suing and being sued. *Id.* § 5. The Governor was the *ex officio* president. *Id.* § 6. The State Treasurer was the *ex officio* treasurer, empowered to keep and disburse all moneys of the school according to the orders of the Board. *Id.* § 8. Later, Mississippi's universities were placed under the control of the Board of Trustees of state institutions of higher learning. The Agricultural and Mechanical College of Mississippi logo was changed to Mississippi State University by statute, although the school retained "all its property and the franchises, rights, powers, and privileges heretofore conferred on it by law (1878 Act) . . . ." MISS. CODE ANN. § 37-113-3 (1972).

*Jagnandan*, 538 F.2d at 1174 (footnotes omitted). The Fifth Circuit further stated: "This statutory scheme clearly demonstrates the State of Mississippi's control over the fiscal policies established by the Board, and *a fortiori* over the finances of M.S.U." *Id.* at 1175. The Fifth Circuit found that "[s]tate decisional law confirms that the Board and the University are part and parcel of the state." *Id.* In *Coleman v. Whipple*, 2 So. 2d 566 (Miss. 1941), the Mississippi Supreme Court found that the Board was "the managing board or head of the university, and then and now constitute the University of Mississippi, created by the State through its legislature which, under its act of creation (Sec. 5) retains the right to repeal the entire act; its property is owned by the State and the university is as an arm of the State, the State itself." 2 So. 2d at 568. The court described MSU as follows: "The acts creating the colleges now known as Mississippi State College (renamed Mississippi State University) (February 28, 1878) . . . must be similarly construed, and such construction is not at all affected by Chapter 127 of the Laws of 1932, creating a single board of trustees for all the state institutions of higher learning." *Id.* at 567. Because Defendants are arms of the state, Defendants are entitled to Eleventh Amendment immunity unless (1) the state has waived sovereign immunity or consented to suit; (2) the *Ex*

*parte Young* doctrine renders the state amenable to suit; or (3) there is valid abrogation by Congress. Only the first two could apply in the case *sub judice*.

### (1) Waiver/Consent to Suit

Defendants maintain that the Eleventh Amendment bars Plaintiff's state law claims and that Defendants have neither waived immunity nor consented to suit. Eleventh Amendment sovereign immunity from suit is waiveable, but such waiver must be clearly stated and will not be easily implied. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997); *Jagnandan*, 538 F.2d at 1117 (citing *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Petty v. Tenn.-Mo. Bridge Comm'n*, 359 U.S. 275, 276, 79 S. Ct. 785, 3 L. Ed. 2d 804 (1959)). The Fifth Circuit has stated that

> [n]o mention is made of the power to sue or to be sued either in the organizational statutes or in the general powers and duties of the Board [of Trustees, Institutions of Higher Learning]. Under specific circumstances the Board is allowed to sue or be sued. In these instances, however, the waiver is limited to a narrowly defined activity. The consent to be sued is not given with such clarity as to amount to a waiver of Eleventh Amendment protection.

*Jagnandan*, 538 F.2d at 1177 (footnotes omitted); *see* MISS. CODE ANN. §§ 37-101-3, 37-101-7, 37-101-15 (1972). The Mississippi Code provides in pertinent part that "[MSU] shall continue to exist as a body-politic and corporate, . . . with all its property and the franchises, rights, powers, and privileges heretofore conferred on it by law, or properly incident to such a body and necessary to accomplish the purpose of its creation[.]" MISS. CODE ANN. § 37-113-3. The Fifth Circuit has stated that "[t]his provision . . . lacks the clarity needed in order to infer the state's consent to be sued." *Jagnandan*, 538 F.2d at 1178. This Court cannot exercise supplemental jurisdiction over state law claims asserted against a non-consenting state entity. *See Raygor v.*

*Regents of the Univ. of Minn.*, 534 U.S. 533, 541–42, 122 S. Ct. 999, 152 L. Ed. 2d 27 (2002); *Yoder v. MSU*, No. 1:09CV7-D-D, 2010 WL 364466, at *2 (N.D. Miss. Feb. 1, 2010).

Plaintiff argues, unavailingly, that Defendants have otherwise waived or consented to be sued on the state law claims. First, Plaintiff contends that Defendants' acceptance of vast federal funding constitutes a waiver of sovereign immunity. The Court finds the argument unpersuasive, as the Fifth Circuit has previously rejected such an argument. *See McGarry v. Univ. of Miss. Med. Ctr.*, 355 F. App'x 853, 856 (5th Cir. 2009); *Sullivan v. Univ. of Tex. Health Sci. Ctr.*, 217 F. App'x 391, 395 (5th Cir. 2007). Second, Plaintiff contends that Defendants have voluntarily consented to suit by engaging in extensive discovery, agreeing to numerous trial settings, and otherwise participating in the case. Defendants maintain that they were sued involuntarily by Plaintiff and have not consented to suit by participation. The Court agrees. Defendants have done nothing to actively invoke this Court's jurisdiction. *See, e.g., Lapides*, 535 U.S. at 620, 122 S. Ct. 1640. Therefore, the Court finds that Defendants have neither waived sovereign immunity nor consented to suit on the state law claims.

*(2) Ex parte Young Doctrine*

Plaintiff next maintains that under *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), he may seek injunctive relief against Defendants on the state law claims. Defendants argue that Eleventh Amendment immunity bars all state law claims asserted in federal court, including those suits for injunctive relief. Defendants additionally argue that the *Ex parte Young* doctrine does not apply, as even if the action is asserted against individual officers, the state is the real, substantial party in interest. The Court instructs the parties as follows.

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' " *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. at 296, 117 S. Ct. 2028 (O'Connor, J., joined by Scalia and Thomas, J.J., concurring in part and concurring in judgment). *Ex parte Young* thus allows suit to be brought against a state officer in federal court for the purpose of enforcing the Supremacy Clause to the Constitution if <u>all</u> of the following criteria are met: (1) the plaintiff has pleaded his case against the state official responsible for enforcing the law at issue in that person's official capacity; (2) the plaintiff has alleged an ongoing violation of federal law, <u>not state law</u>, as federal courts may not instruct state officials on state law, thereby significantly intruding on state sovereignty and failing to enforce the Supremacy Clause; and (3) the plaintiff has requested the proper relief, that is, prospective, injunctive relief, or relief that is ancillary to prospective relief. In the case *sub judice*, Plaintiff has brought state law breach of contract claims against Mississippi State University and the Board of Trustees, Institutions of Higher Learning and has not sued a named state official. The Court finds that the *Ex parte Young* doctrine does not apply in the case *sub judice* because (1) Plaintiff has not sued the appropriate state official in his or her official capacity; and (2) Plaintiff has asserted claims of state law violations, which are not subject to suit under *Ex parte Young*.

### D. Conclusion

In sum, the Court finds that Plaintiff's state law claims are properly dismissed without prejudice because such claims are barred by the Eleventh Amendment. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). The Court notes that to the extent Plaintiff's claims may be characterized as employment discrimination claims brought under Title VII, the

claims are not barred by Eleventh Amendment immunity. *See Perez*, 307 F.3d at 326 n.1 ("we have long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII").

Thus, Defendants' motion to dismiss [85] is GRANTED; Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

A separate order in accordance with this opinion shall issue this day.

THIS the 16th day of April, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE